IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
AT GAINESVILLE

| | |
|---|---|
| JOSE A. MELLA and<br>MIRIAM MELLA<br><br>   Plaintiffs,<br>vs.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br><br>   Defendant, | )<br>)<br>)<br>)<br>)<br>)   CASE NO. _____<br>)<br>)   JUDGE:<br>)   MAGISTRATE:<br>)<br>)   JURY DEMAND |

## COMPLAINT

Plaintiffs bring this pharmaceutical liability action against Novartis Pharmaceuticals Corporation, who manufactured ZOMETA, and they state to this Court the following facts and their claims for relief:

1.  Plaintiff, Jose Mella, is a citizen of the State of Florida. A doctor prescribed him ZOMETA. He purchased and took ZOMETA. As a result, he suffered osteonecrosis of the jaw.

2.  Plaintiff, Miriam Mella, is a citizen of the State of Florida. She is the wife of Jose Mella.

3.  Defendant Novartis Pharmaceuticals Corporation ("NPC") is a Delaware corporation with its principal place of business located at One Health Plaza, East Hanover, New Jersey 07936-1080.

4.  During all times relevant hereto, NPC was in the business of manufacturing, marketing, distributing, promoting, testing, labeling, and selling ZOMETA.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.     This Court has *in personam* jurisdiction pursuant to FL.ST. § 48.193 (2003) ("Florida Long Arm Statute") and the Fourteenth Amendment to the United States Constitution. NPC markets ZOMETA to physicians in Florida so that they will prescribe it to their patients in Florida. NPC distributes and sells ZOMETA to patients in Florida. NPC compensates agents who "pitch" the drug to doctors here in Florida. NPC sends instructional materials about the drug and other Novartis products to patients and physicians in Florida. NPC profits from health maintenance organizations administered in Florida. Patients in Florida remit a co-payment to pharmacists when purchasing NPC products. NPC profits from patients in Florida who use its medications.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c). NPC "resides" in Florida as defined in paragraph (a) of § 1391 because it is a corporation subject to personal jurisdiction in Florida.

8.     ZOMETA is a bisphosphonate. The principle pharmacologic action of ZOMETA is inhibition of bone resorbption. Bisphosphonates are used in conjunction with the treatment of certain cancers. ZOMETA is given intravenously.

9.     ZOMETA causes osteonecrosis of the jaw ("ONJ"). NPC refuses to acknowledge that ZOMETA causes ONJ and refuses to adequately warn consumers and health care providers of this serious adverse event.

## COUNT I.    STRICT LIABILITY

10. NPC was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing ZOMETA in interstate commerce, which it then sold and distributed throughout the world. Therefore, NPC is a manufacturer and this is a product liability action as specified by Florida law.

11. The Plaintiff, Jose Mella, was taking ZOMETA in a reasonably foreseeable manner.

12. ZOMETA reached him without a substantial change in condition.

13. He was not aware of and reasonably could not have discovered the specific danger of severe ONJ caused by ZOMETA.

14. ZOMETA causes ONJ. Therefore ZOMETA is an "unreasonably dangerous / defective product" as specified by Florida law due to NPC's failure to adequately warn Jose Mella.

15. This unreasonably dangerous / defective drug causes bisphosphonate-induced ONJ. Plaintiff has suffered ONJ. He has sustained compensatory damages in an amount to be proven at trial.

16. NPC's conduct was "gross negligence" as defined by FL.ST. § 768.72. To this day, NPC has refused to acknowledge that ZOMETA causes ONJ and has not adequately warned health care providers across the nation of this danger or how to monitor and treat patients who took ZOMETA as prescribed. Therefore, the Plaintiffs seek imposition of punitive damages in order to punish NPC and deter other drug companies from the same wrongdoing.

## COUNT II.   NEGLIGENCE

17. NPC owed Jose Mella a common law duty to use reasonable care in manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, and advertising of ZOMETA. This duty included an adequate warning about the danger of ONJ.

18. NPC breached that duty of care in one or more of the following respects:

   a. Failing to test and inspect ZOMETA in a reasonable manner in order to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured, and sold;

   b. Failing to utilize and implement a reasonably safe design in the manufacture of ZOMETA;

   c. Failing to manufacture ZOMETA in a reasonably safe condition;

   d. Failing to adequately warn the Plaintiff and his health care providers of the danger of bisphosphonate-induced ONJ;

   e. Failing to label ZOMETA reasonably so as to properly warn the Plaintiff and his health care providers of the danger of bisphosphonate induced ONJ; and

   f. Manufacturing ZOMETA, which is an unreasonably dangerous / defective drug.

19. Furthermore, NPC is guilty of negligence *per se*. NPC violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, and the Sherman Food, Drug and Cosmetic Law, as well as other applicable laws, statutes, and regulations. NPC's acts and omissions constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331. This is negligence *per se.*

20. NPC failed to meet the standard of care set forth by the following statutes and regulations. Legislators enacted these statutes and regulations for the benefit of a specific class of citizens. Jose Mella is part of this class. Therefore, NPC is negligent *per se* in the following

respects:

(a) The labeling lacked adequate information on the use of the drug ZOMETA (21 C.F.R. Section 201.56[a] and [d]);

(b) The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, ONJ, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug (21 C.F.R. 201.57[e]);

(c) There was inadequate information for patients for the safe and effective use of the subject drug (21 C.F.R. 20157[f][2]);

(d) There was inadequate information regarding special care to be exercised by the doctor and other health care providers for safe and effective use of the subject drug (21 C.F.R. 201.57[f][2]); and

(e) The labeling was misleading and promotional (21 C.F.R. 201.56[b]).

21. NPC's negligence is the proximate cause of all damages. Jose Mella suffered ONJ. He has sustained compensatory damages in an amount to be proven at trial, including but not limited to damages for pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life, past medical expenses and future medical expenses.

## COUNT III.  LOSS OF CONSORTIUM

22. Plaintiffs incorporate paragraphs 1 through 21 by reference.

23. At all times material hereto, the Plaintiff, Miriam Mella is the wife of the Plaintiff, Jose Mella, and they are residing in a family relationship in the State of Florida. As a direct and proximate result of the above, Mrs. Mella has in the past and will in the future suffer the loss of society, companionship and consortium of her husband, Jose Mella.

WHEREFORE, the Plaintiffs request that a jury be impaneled and that this Court award compensatory damages and punitive damages against NPC in the amount specified by the jury.

Respectfully submitted,

_____
Robert G. Germany, Esquire
Mississippi Bar Number 4800
PITTMAN, GERMANY, ROBERTS
& WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601- 948-6200
Facsimile: 601- 948-6187
Admitted N.D.Fla: February 13, 2006